**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

DOCKET NO.

|  |  |
|---|---|
| MICHAEL MORIN<br>**Plaintiff** | ) <br> ) <br> ) <br> ) |
| v. | ) <br> ) |
| BERKSHIRE COUNTY and<br>COMMONWEALTH OF<br>MASSACHUSETTS,<br>**Defendants** | ) <br> ) <br> ) <br> ) <br> ) |

05 - 30059 - KPN

**COMPLAINT**

**FILING FEE PAID:**
RECEIPT # _305870_
AMOUNT $ _250.00_
BY DPTY CLK _MET_
DATE _2/28/05_

## INTRODUCTION

1.     This action arises from the denial of accessible facilities to Michael

Morin, who is a qualified handicapped individual and person with a disability, at the

Pittsfield Superior Courthouse (hereinafter "Courthouse"), located on East Street in

Pittsfield, Massachusetts. Upon information and belief, the courthouse is owned and

operated by Berkshire County and the Commonwealth of Massachusetts.

2.     The Courthouse serving Berkshire County is supposed to provide equal

justice under the law for all. Instead, the building and facilities are decidedly unequal

for persons with mobility disabilities, who are relegated to second-class or worse

status due to the physical access barriers. For example, courtrooms in offices are

inaccessible, preventing people with disabilities from having their business before the

state judiciary with the dignity of the courthouse facilities. The Courthouse also fails

to provide fully accessible restrooms. There are inadequate procedures in place to

accommodate people with disabilities who wish to attend the Courthouse facilities.

Thus, persons who are "qualified handicapped individuals" and/or "persons with

disabilities" are unable to appear and participate in the judicial processes of Berkshire County as equal citizens under the law, in violation of their civil rights.

3.    Plaintiff, who is a person with a physical disability and/or who has a "handicap," has been denied equal protection of the law, and was denied his civil rights secured under state and federal law.  The Plaintiff seeks injunctive relief to require defendants to provide an accessible means of entry, proper access to usable sanitary facilities, and policies and procedures designed to provide program access to all of the services offered at these courthouses, including, when necessary, alternative accessible places for courtroom proceedings, in the subject buildings.  The Plaintiff also seeks recovery of damages for his injuries and discriminatory experiences, and seeks recovery of reasonable attorneys' fees and litigation expenses and costs, according to both the federal statutes and the laws of the Commonwealth of Massachusetts.

## JURISDICTION

4.    This Court has proper original jurisdiction over this action pursuant to 28 U.S.C. § 1331, where the claims herein raise federal questions under the Constitution and laws of the United States.  This Court also has supplemental jurisdiction over all claims arising under the laws of the Commonwealth of Massachusetts pursuant to 28 U.S.C. § 1367.

## PARTIES

5.    The plaintiff, Michael Morin, is a resident of the Commonwealth of Massachusetts and lives at 40 Sheffield Street in Pittsfield, Massachusetts.  Mr. Morin requires the use of a wheelchair or a motorized scooter to move about.  He is, and was

at all relevant times, a physically disabled person and a "person with disabilities," as these terms are used under federal laws, including but not limited to Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990. Additionally, he has had, at all relevant times, a "handicap" and is a "qualified handicapped individual," as these terms are used under Massachusetts State Laws, including but not limited to M.G.L. c. 151B, § 1 (17), and M.G.L.A. Const. Amend. Art. 114.

6.      Defendant Berkshire County (hereinafter "the County") is a county of the Commonwealth of Massachusetts and is a public entity subject to Article CXIV of the Massachusetts Constitution, M.G.L. c. 93, § 103, Title II of the Americans with Disabilities Act, the requirements of Section 504 of the Rehabilitation Act, and all other legal requirements referred to in this Complaint.

7.      Defendant Commonwealth of Massachusetts (hereinafter "the Commonwealth") is a state subject to Article CXIV of the Massachusetts Constitution, M.G.L. c. 93, § 103, Title II of the Americans with Disabilities Act, the requirements of Section 504 of the Rehabilitation Act, and all other legal requirements referred to in this Complaint.

## FACTS

8.      On June 15, 1998, Michael Morin was riding a bicycle along Route 7 in Lanesborough, Massachusetts, when he was struck by a cement truck. As a result of the collision, Mr. Morin suffered severe and permanent injuries including brain damage. Following the collision, he was in a coma for almost five months. He suffered severe and permanent injuries.

9.     Mr. Morin has a form of spastic quadra paresis, with only limited use of his upper extremities. He is non-ambulatory and requires a wheelchair for all mobility. Mr. Morin also suffers from a seizure disorder and severe cognitive and mental impairments, all as a result of the accident.

10.     In November of 2000, Mr. Morin and his parents, Robert and Helen Morin, brought Civil Action No. 00-0338 in Pittsfield Superior Court, Berkshire County (hereinafter "Tort Action"), against the cement truck driver and the owner of the truck, containing counts of negligence and loss of consortium.

11.     The jury trial of that Tort Action was scheduled to proceed on or about October 7, 2002.

12.     At some point prior to that date, the elevator in the Courthouse broke down and was not functioning.

13.     Without the elevator, the courtroom in which Michael Morin's trial was being held could only be accessed by climbing over three flights of stairs. As such, Michael Morin had no reasonable means of attending his own trial.

14.     The Morin family did not receive any advance notice or communication whatsoever from Berkshire County or any Court official to inform them of this problem, or to provide instructions for alternate accommodations.

15.     The judge presiding over the Tort Action and the courtroom clerk were both fully aware of Michael Morin's disability, and his inability to access the courtroom without a functioning elevator. However, neither the judge, nor any other representative of the Berkshire County court system, made any effort to continue the Tort Action to a date when the courtroom would be accessible to Michael Morin.

16.     No effort was made, by the judge, the courtroom clerk, or any other representative of the Berkshire County court system, to hold the trial of the Tort

4

Action in an alternate, accessible location. The Defendant failed to provide any reasonable accommodations, or the necessary program access, to Michael Morin. None of the Superior Courthouse employees were adequately trained to accommodate Michael Morin, or provide him with the necessary program access.

17.    As a result, Michael Morin was not afforded the opportunity to fully attend his own jury trial, and the Morin family was forced to make their own arrangements to try and get Michael Morin into the courtroom for at least a portion of his trial.

18.    Robert Morin, a retired Pittsfield fireman, arranged to have a couple current members of the Pittsfield Fire Department carry Michael Morin in wheelchair up the stairs on or about October 9, 2002, so that he could be present for a portion of his trial that day.

19.    Michael Morin was scheduled to testify the next day. However, the Pittsfield firemen received an emergency call and they were not able to carry Michael Morin up the stairs. As a result, on or about October 10, 2002, Robert and Helen Morin, who are in their 60s, were forced to carry their son, in his wheelchair, up the three flights of stairs to the courtroom so that he could provide testimony at his trial.

20.    Because of their age and their son's weight, the method his parents were forced to use was to pull the chair up the stairs backwards, resulting in Michael Morin being jarred on almost every step of the three flights of stairs.

21.    If Michael Morin did not get up the stairs that day, he would not have been able to testify at his own trial.

22.    Unfortunately, being carried up and down the stairs proved traumatic for Michael Morin. The experience affected his testimony at the trial, and as a result of

the trauma of banging up the steps, Michael Morin subsequently become ill and suffered from terrible seizures.

23.    As a direct result of the Defendant's violation of the law, Michael Morin was denied access to his own jury trial which lasted a week and a half. He also suffered from severe physical and mental injuries.

24.    As a result of Defendant's actions and failure to act and as a result of their failure to provide disabled access, Plaintiff Michael Morin suffered a denial of his civil rights, physical, psychological and emotional discomfort, pain and suffering, and denial of his rights to full and equal access to public facilities, all to his general and statutory damages. As a result of the above facts, Mr. Morin was denied his civil rights, was embarrassed, humiliated, and was denied full and equal access solely on the basis that he was physically disabled and unable to use the subject facilities because of their inaccessible configuration.

## COUNT I – DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990

25.    The plaintiff reincorporates and realleges paragraphs 1 through 24 of his complaint as though fully set forth herein.

26.    At all times herein mentioned, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the Americans with Disabilities Act of 1990 (hereinafter referred to alternatively as the "ADA"). Pursuant to 42 U.S.C. §12132, §202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Defendants Berkshire County, and the Commonwealth, were and are

such public entities. Plaintiff was at all times relevant herein a qualified individual with disabilities for all purposes under the ADA.

27.    In violation of Title II of the ADA, the Defendant government entities involved have failed to ensure that individuals with physical disabilities such as the Plaintiff are not excluded from services, programs, and activities at the Berkshire County Courthouse Building facilities.

28.    As a result of such discrimination, in violation of §202 of the ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in §504 of the Rehabilitation Act of 1973 (29 U.S.C §794(a)), as provided by §203 of the ADA.

29.    Despite being informed of the conditions described above, the Defendants, upon information and belief, to the date of filing this Complaint, have failed to make any of their facilities as described herein accessible to and usable by physically disabled persons, as required by law.

30.    Plaintiff requests that an injunction be ordered requiring that Defendants make all such facilities herein described accessible to and usable by disabled persons, and instruct all employees, and set up practices and procedures, to ensure that no disabled person using a wheelchair or who is otherwise mobility impaired is denied the use of accessible sanitary facilities, doorways, public telephones, courtrooms, or other areas or places.

31.    Plaintiff requests appropriate damages, litigation expenses and costs, and reasonable attorneys' fees as provided by law.

WHEREFORE, Plaintiff prays that judgment enter in his favor and the Court grant relief as requested herein below.

## COUNT II – VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973

32.    The plaintiff reincorporates and realleges paragraphs 1 through 31 of his complaint as though fully set forth herein.

33.    Defendants are each government entities existing under the laws of the Commonwealth of Massachusetts and the United States government, with responsibility for, inter alia, operating the Berkshire County Courthouse buildings and other facilities described herein above within the geographical limits of Berkshire County.  Plaintiff is informed and believes, and thereon alleges, that Berkshire County and the Commonwealth have each been a recipient of Federal financial assistance, and that part of that financial assistance was and is used to fund the construction, alteration and operation of the subject Berkshire County Courthouse buildings as described above, and other functions and activities which take place within such buildings.

34.    By their actions or inaction in denying accessible facilities at the subject Courthouse, Defendants have violated Plaintiff's rights under §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, and the regulations promulgated thereunder.

35.    Plaintiff has no adequate remedy at law, and unless the relief requested herein is granted, Plaintiff or any other similarly situated disabled persons who have cause to visit the subject facilities will suffer irreparable injury by the deprivation of accessible parking, entrances, toilet facilities, and other public facilities in these buildings.

36.    Plaintiff requests that an injunction be ordered requiring that Defendants make all such facilities herein described accessible to, and usable by, disabled persons and instruct all employees, and set up practices and procedures to ensure, that no

8

disabled person using a wheelchair or who is otherwise mobility impaired is denied the use of properly accessible parking, entrances, doorways, sanitary facilities, public telephones, or other areas or places.

37.    Plaintiff requests appropriate damages, litigation expenses and costs, and reasonable attorneys' fees as provided by law.

WHEREFORE, Plaintiff prays that judgment enter in his favor and the Court grant relief as requested herein below.

### COUNT III – VIOLATION OF AMERICANS WITH DISABILITIES ACT, 28 C.F.R §35.105, INADEQUATE SELF-EVALUATION

38.    The plaintiff reincorporates and realleges paragraphs 1 through 37 of his complaint as though fully set forth herein.

39.    Under the regulations implementing Title II of the ADA, defendants are required to develop a self-evaluation plan which evaluates their current services, policies, and practices, and the effects thereof that do not or may not meet the Title II requirements for public entities.  The regulations further require that defendants evaluate the extent to which modification of any such services, policies, and practices is required, and implement such modifications to ensure compliance with Title II of the ADA and its implementing regulations.  28 C.F.R. §35.105(a).

40.    Upon information and belief, the Defendants violated Title II and its implementing regulations by failing to develop an adequate self-evaluation plan and failing to identify and implement modifications necessary to achieve compliance with Title II with respect to the Berkshire County courthouse facilities, courtrooms, policies, and practices.

41.    Upon information and belief, in violation of 28 C.F.R. §35.105(c), Defendants also failed to maintain on file and make the following items available for

public inspection for at least three years following completion of the self-evaluation plan: a list of the interested persons consulted; a description of areas examined and any problems identified, and; a description of any modifications made.

42.    Defendants' conduct constitutes an ongoing and continuous violation of the ADA, and said conduct, unless enjoined, will continue to inflict injuries for which the Plaintiff has no adequate remedy at law.  Consequently, the Plaintiff is entitled to injunctive relief and damages as set forth in the prayer for relief herein.

WHEREFORE, Plaintiff prays that judgment enter in his favor and that the Court grant relief as requested herein below.

## COUNT IV – VIOLATION OF EQUAL PROTECTION & DUE PROCESS – 42 U.S.C. § 1983

43.    The plaintiff reincorporates and realleges paragraphs 1 through 42 of his complaint as though fully set forth herein.

44.    Plaintiff is a citizen of the United States.  Under color of state law, the Defendants in effectively denying Plaintiff accessible public and governmental facilities have adopted a policy of discrimination based solely upon the physical disabilities of the Plaintiff. The policy, conduct and practice of the Defendants have resulted in Plaintiff being denied due process and equal protection in violation of the equal protection and due process clauses of the United States Constitution.

45.    Disabled persons are a discreet and insular minority, subject to a history of discrimination and segregation, vulnerable to and not fully protected by the political process, such that discrimination between disabled and non-disabled persons is a suspect classification.  Disabled persons have a right to be included in the full panoply of public facilities available to members of the public in this building, including litigants, clerks, attorneys, judges and jurors. Any of these persons may be physically

disabled persons, and require accessible facilities in order to participate on the same basis as non-disabled persons in the multiple activities that make up our judicial system.

46.    Plaintiff has no adequate remedy at law, and unless the relief requested herein is granted, he and other disabled persons who have cause to use any of the subject facilities will suffer irreparable harm in that their fundamental rights to accessible sanitary facilities, and other areas and office facilities, often necessary in connection with attendance at public court proceedings, will continue to be denied and abridged.

WHEREFORE, Plaintiff prays that judgment enter in his favor and that the Court grant relief as requested herein below.

### COUNT V -- VIOLATION OF THE MASSACHUSETTS EQUAL RIGHTS LAW, M.G.L. c.93 §103 AND ARTICLE CXIV OF THE MASSACHUSETTS CONSTITUION

47.    The plaintiff reincorporates and realleges paragraphs 1 through 46 of his complaint as though fully set forth herein.

48.    M.G.L. c.93, §103 provides that "[a]ny person within the commonwealth, regardless of handicap or age...shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, including, but not limited to, the rights secured under Article CXIV of the Amendments to the Constitution." Article CXIV of the Massachusetts Constitution provides that "[n]o otherwise qualified handicapped individual shall, solely by reason

of his handicap, be excluded from the participation in, denied the benefits of, or be subject to discrimination under any program or activity within the commonwealth."

49.     Through the acts and omissions described hereinabove, in denying the Plaintiff full and equal access to the Berkshire County courtrooms, facilities, and services, the Defendants have violated the provisions of M.G.L. c. 93, §103, and denied the Plaintiff his rights secured under Article CXIV of the Massachusetts Constitution.

50.     To prevent this continuing and ongoing violation of his rights, the Plaintiff seeks injunctive and other appropriate equitable relief, as described below, as well as compensatory and exemplary damages, litigation costs and reasonable attorneys' fees.

WHEREFORE, plaintiff prays that this judgment enter in his favor and that the Court grant relief as requested herein below.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

1.     Issue a preliminary and permanent injunction directing the Defendants as current owners and/or operators of the subject facilities to modify the above-described facilities at the Berkshire Superior Courthouse, District Courthouse, and related described facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2.     Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and

maintenance of inaccessible public facilities as complained herein no longer occur, and will not recur;

3.    Award to Plaintiff all appropriate damages, including but not limited to, statutory damages, general damages and special damages in an amount within the jurisdiction of the Court, according to proof;

4.    Award to Plaintiff all litigation expenses and costs of this proceeding, and all reasonable attorneys' fees as provided by law; and

5.    Grant such other and further relief as this Court may deem just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues so triable.

The Plaintiff, Michael Morin
By his attorneys,

**CLARK, HUNT & EMBRY**

William J. Hunt (244720)
Michael B. Newman (632222)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

✎JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Michael Morin | Berkshire County, Commonwealth of Massachusetts |

| (b)   County of Residence of First Listed Plaintiff    Berkshire<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   Berkshire<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|
| (c)   Attorney's (Firm Name, Address, and Telephone Number)  (617) 494-1920<br>Michael B. Newman, Clark, Hunt & Embry,<br>55 Cambridge Pkwy., Cambridge, MA 02142 | Attorneys (If Known)<br>05 - 30059 - KPN |

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ❏ 1   U.S. Government<br>         Plaintiff | ☒ 3   Federal Question<br>         (U.S. Government Not a Party) |
| ❏ 2   U.S. Government<br>         Defendant | ❏ 4   Diversity<br>         (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place<br>of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place<br>of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excl. Veterans)<br>❏ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br>    Liability<br>❏ 320 Assault, Libel &<br>    Slander<br>❏ 330 Federal Employers'<br>    Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br>    Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br>    Product Liability<br>❏ 360 Other Personal<br>    Injury | **PERSONAL INJURY**<br>❏ 362 Personal Injury -<br>    Med. Malpractice<br>❏ 365 Personal Injury -<br>    Product Liability<br>❏ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br>    Property Damage<br>❏ 385 Property Damage<br>    Product Liability | ❏ 610 Agriculture<br>❏ 620 Other Food & Drug<br>❏ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>❏ 630 Liquor Laws<br>❏ 640 R.R. & Truck<br>❏ 650 Airline Regs.<br>❏ 660 Occupational<br>    Safety/Health<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br>    28 USC 157<br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark | ❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 810 Selective Service<br>❏ 850 Securities/Commodities/<br>    Exchange<br>❏ 875 Customer Challenge<br>    12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ❏ 890 Other Statutory Actions |
| ❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | ❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/<br>    Accommodations<br>❏ 444 Welfare<br>☒ 445 Amer. w/Disabilities -<br>    Employment<br>❏ 446 Amer. w/Disabilities -<br>    Other<br>❏ 440 Other Civil Rights | ❏ 510 Motions to Vacate<br>    Sentence<br>**Habeas Corpus:**<br>❏ 530 General<br>❏ 535 Death Penalty<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition | ❏ 710 Fair Labor Standards<br>    Act<br>❏ 720 Labor/Mgmt. Relations<br>❏ 730 Labor/Mgmt. Reporting<br>    & Disclosure Act<br>❏ 740 Railway Labor Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Empl. Ret. Inc.<br>    Security Act | ❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>❏ 871 IRS—Third Party<br>    26 USC 7609 | ❏ 891 Agricultural Acts<br>❏ 892 Economic Stabilization Act<br>❏ 893 Environmental Matters<br>❏ 894 Energy Allocation Act<br>❏ 895 Freedom of Information<br>    Act<br>❏ 900Appeal of Fee Determination<br>    Under Equal Access<br>    to Justice<br>❏ 950 Constitutionality of<br>    State Statutes |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1   Original<br>         Proceeding | ❏ 2   Removed from<br>         State Court | ❏ 3   Remanded from<br>         Appellate Court | ❏ 4   Reinstated or<br>         Reopened | ❏ 5   Transferred from<br>         another district<br>         (specify) | ❏ 6   Multidistrict<br>         Litigation | ❏ 7   Judge from<br>         Magistrate<br>         Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 12131 et seq.

Brief description of cause: Denial of access/failure to provide reasonable accommodations in state court.

| VII. REQUESTED IN<br>COMPLAINT: | ❏ CHECK IF THIS IS A CLASS ACTION<br>UNDER F.R.C.P. 23 | DEMAND $<br>Injunctive Relief | CHECK YES only if demanded in complaint<br>JURY DEMAND:   ☒ Yes   ❏ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE   2/25/05 | SIGNATURE OF ATTORNEY OF RECORD   _Michael Bryan_ |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)  Michael Morin v. Berkshire County

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                         YES [ ]      NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                                         YES [ ]      NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                         YES [ ]      NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                         YES [ ]      NO [ ]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                         YES [X]      NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division [ ]       Central Division [ ]       Western Division [X]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division [ ]       Central Division [ ]       Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                         YES [ ]      NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Michael B. Newman

ADDRESS  Clark, Hunt & Embry, 55 Cambridge Parkway, Cambridge, MA 02142

TELEPHONE NO.  (617) 494-1920

(Coversheetlocal.wpd - 10/17/02)