**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

**DOCKET NO. 05-30059-KPN**

| | | |
|---|---|---|
| **MICHAEL MORIN**<br>**Plaintiff**<br><br>**v.**<br><br>**COMMONWEALTH OF MASSACHUSETTS,**<br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **AMENDED COMPLAINT** |

**INTRODUCTION**

1. This action arises from the denial of accessible facilities to Michael Morin, who is a qualified handicapped individual and person with a disability, at the Pittsfield Superior Courthouse (hereinafter "Courthouse"), located on East Street in Pittsfield, Massachusetts. Upon information and belief, the Courthouse is owned and operated by the Commonwealth of Massachusetts.

2. The Courthouse is supposed to provide equal justice under the law for all. Instead, the building and facilities are decidedly unequal for persons with mobility disabilities, who are relegated to second-class or worse status due to the physical access barriers. For example, courtrooms in offices are inaccessible, preventing people with disabilities from having their business before the state judiciary with the dignity of the Courthouse facilities. The Courthouse also fails to provide fully accessible restrooms. There are inadequate procedures in place to accommodate people with disabilities who wish to attend the Courthouse facilities. Thus, persons who are "qualified handicapped individuals" and/or "persons with disabilities" are unable to

appear and participate in the judicial process as equal citizens under the law, in violation of their civil rights.

3. Plaintiff, who is a person with a physical disability and/or who has a "handicap," has been denied equal protection of the law, and was denied his civil rights secured under state and federal law. The Plaintiff seeks injunctive relief to require defendants to provide an accessible means of entry, proper access to usable sanitary facilities, and policies and procedures designed to provide program access to all of the services offered at these Courthouses, including, when necessary, alternative accessible places for courtroom proceedings, in the subject buildings. The Plaintiff also seeks recovery of damages for his injuries and discriminatory experiences, and seeks recovery of reasonable attorneys' fees and litigation expenses and costs, according to both the federal statutes and the laws of the Commonwealth of Massachusetts.

**JURISDICTION**

4. This Court has proper original jurisdiction over this action pursuant to 28 U.S.C. § 1331, where the claims herein raise federal questions under the Constitution and laws of the United States. This Court also has supplemental jurisdiction over all claims arising under the laws of the Commonwealth of Massachusetts pursuant to 28 U.S.C. § 1367.

**PARTIES**

5. The plaintiff, Michael Morin, is a resident of the Commonwealth of Massachusetts and lives at 40 Sheffield Street in Pittsfield, Massachusetts. Mr. Morin requires the use of a wheelchair or a motorized scooter to move about. He is, and was

at all relevant times, a physically disabled person and a "person with disabilities," as these terms are used under federal laws, including but not limited to Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990. Additionally, he has had, at all relevant times, a "handicap" and is a "qualified handicapped individual," as these terms are used under Massachusetts State Laws, including but not limited to M.G.L. c. 151B, § 1 (17), and M.G.L.A. Const. Amend. Art. 114.

6. Defendant Commonwealth of Massachusetts (hereinafter "the Commonwealth") is a state subject to Article CXIV of the Massachusetts Constitution, M.G.L. c. 93, § 103, Title II of the Americans with Disabilities Act, the requirements of Section 504 of the Rehabilitation Act, and all other legal requirements referred to in this Complaint.

## FACTS

7. On June 15, 1998, Michael Morin was riding a bicycle along Route 7 in Lanesborough, Massachusetts, when he was struck by a cement truck. As a result of the collision, Mr. Morin suffered severe and permanent injuries including brain damage. Following the collision, he was in a coma for almost five months. He suffered severe and permanent injuries.

8. Mr. Morin has a form of spastic quadra paresis, with only limited use of his upper extremities. He is non-ambulatory and requires a wheelchair for all mobility. Mr. Morin also suffers from a seizure disorder and severe cognitive and mental impairments, all as a result of the accident.

9. In November of 2000, Mr. Morin and his parents, Robert and Helen Morin, brought Civil Action No. 00-0338 in Pittsfield Superior Court, Berkshire County

(hereinafter "Tort Action"), against the cement truck driver and the owner of the truck, containing counts of negligence and loss of consortium.

10. The jury trial of that Tort Action was scheduled to proceed on or about October 7, 2002.

11. At some point prior to that date, the elevator in the Courthouse broke down and was not functioning.

12. Without the elevator, the courtroom in which Michael Morin's trial was being held could only be accessed by climbing over three flights of stairs. As such, Michael Morin had no reasonable means of attending his own trial.

13. The Morin family did not receive any advance notice or communication whatsoever from any Courthouse official to inform them of this problem, or to provide instructions for alternate accommodations.

14. The judge presiding over the Tort Action and the courtroom clerk were both fully aware of Michael Morin's disability, and his inability to access the courtroom without a functioning elevator. However, neither the judge, nor any other representative of the Courthouse system, made any effort to continue the Tort Action to a date when the courtroom would be accessible to Michael Morin.

15. No effort was made, by the judge, the courtroom clerk, or any other representative of the Courthouse system, to hold the trial of the Tort Action in an alternate, accessible location. The Defendant failed to provide any reasonable accommodations, or the necessary program access, to Michael Morin. None of the Superior Courthouse employees were adequately trained to accommodate Michael Morin, or provide him with the necessary program access.

16. As a result, Michael Morin was not afforded the opportunity to fully attend his own jury trial, and the Morin family was forced to make their own

arrangements to try and get Michael Morin into the courtroom for at least a portion of his trial.

17. Robert Morin, a retired Pittsfield fireman, arranged to have a couple current members of the Pittsfield Fire Department carry Michael Morin in wheelchair up the stairs on or about October 9, 2002, so that he could be present for a portion of his trial that day.

18. Michael Morin was scheduled to testify the next day. However, the Pittsfield firemen received an emergency call and they were not able to carry Michael Morin up the stairs. As a result, on or about October 10, 2002, Robert and Helen Morin, who are in their 60s, were forced to carry their son, in his wheelchair, up the three flights of stairs to the courtroom so that he could provide testimony at his trial.

19. Because of their age and their son's weight, the method his parents were forced to use was to pull the chair up the stairs backwards, resulting in Michael Morin being jarred on almost every step of the three flights of stairs.

20. If Michael Morin did not get up the stairs that day, he would not have been able to testify at his own trial.

21. Unfortunately, being carried up and down the stairs proved traumatic for Michael Morin. The experience affected his testimony at the trial, and as a result of the trauma of banging up the steps, Michael Morin subsequently become ill and suffered from terrible seizures.

22. On or about October 16, 2002, Michael Morin's jury trial, most of which he was not able to attend due to the Defendant's violation of the law, culminated in a defense verdict

23. As a result of Defendant's actions and failure to act and as a result of their failure to provide disabled access, Plaintiff Michael Morin suffered a denial of his

civil rights, physical, psychological and emotional discomfort, pain and suffering, and denial of his rights to full and equal access to public facilities, all to his general and statutory damages. As a result of the above facts, Mr. Morin was denied his civil rights, was damaged, embarrassed, humiliated, and was denied full and equal access solely on the basis that he was physically disabled and unable to use the subject facilities because of their inaccessible configuration.

**COUNT I – DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

24. The plaintiff reincorporates and realleges paragraphs 1 through 23 of his complaint as though fully set forth herein.

25. At all times herein mentioned, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the Americans with Disabilities Act of 1990 (hereinafter referred to alternatively as the "ADA"). Pursuant to 42 U.S.C. §12132, §202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. The defendant Commonwealth was and is such a public entity. Plaintiff was at all times relevant herein a qualified individual with disabilities for all purposes under the ADA.

26. In violation of Title II of the ADA, the Defendant government entity involved has failed to ensure that individuals with physical disabilities such as the Plaintiff are not excluded from services, programs, and activities at the Courthouse facilities.

27. As a result of such discrimination, in violation of §202 of the ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in §504 of the Rehabilitation Act of 1973 (29 U.S.C §794(a)), as provided by §203 of the ADA.

28. Despite being informed of the conditions described above, the Defendant, upon information and belief, to the date of filing this Complaint, has failed to make any of its facilities as described herein accessible to and usable by physically disabled persons, as required by law.

29. Plaintiff requests that an injunction be ordered requiring that Defendant make all such facilities herein described accessible to and usable by disabled persons, and instruct all employees, and set up practices and procedures, to ensure that no disabled person using a wheelchair or who is otherwise mobility impaired is denied the use of accessible sanitary facilities, doorways, public telephones, courtrooms, or other areas or places.

30. Plaintiff requests appropriate damages, litigation expenses and costs, and reasonable attorneys' fees as provided by law.

WHEREFORE, Plaintiff prays that judgment enter in his favor and the Court grant relief as requested herein below.

**COUNT II – VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973**

31. The plaintiff reincorporates and realleges paragraphs 1 through 30 of his complaint as though fully set forth herein.

32. Defendant is a government entity existing under the laws of the Commonwealth of Massachusetts and the United States government, with responsibility for, inter alia, operating the Pittsfield Superior Courthouse building and other facilities described herein above. Plaintiff is informed and believes, and thereon

alleges, that the Commonwealth has been a recipient of Federal financial assistance, and that part of that financial assistance was and is used to fund the construction, alteration and operation of the subject Courthouse building as described above, and other functions and activities which take place within such building.

33. By its actions or inaction in denying accessible facilities at the subject Courthouse, Defendant has violated Plaintiff's rights under §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, and the regulations promulgated thereunder.

34. Plaintiff has no adequate remedy at law, and unless the relief requested herein is granted, Plaintiff or any other similarly situated disabled persons who have cause to visit the subject facilities will suffer irreparable injury by the deprivation of accessible parking, entrances, toilet facilities, and other public facilities in these buildings.

35. Plaintiff requests that an injunction be ordered requiring that Defendant make all such facilities herein described accessible to, and usable by, disabled persons and instruct all employees, and set up practices and procedures to ensure, that no disabled person using a wheelchair or who is otherwise mobility impaired is denied the use of properly accessible parking, entrances, doorways, sanitary facilities, public telephones, or other areas or places.

36. Plaintiff requests appropriate damages, litigation expenses and costs, and reasonable attorneys' fees as provided by law.

WHEREFORE, Plaintiff prays that judgment enter in his favor and the Court grant relief as requested herein below.

**COUNT III – VIOLATION OF AMERICANS WITH DISABILITIES ACT, 28 C.F.R §35.105, INADEQUATE SELF-EVALUATION**

37. The plaintiff reincorporates and realleges paragraphs 1 through 36 of his complaint as though fully set forth herein.

38. Under the regulations implementing Title II of the ADA, the defendant is required to develop a self-evaluation plan which evaluates its current services, policies, and practices, and the effects thereof that do not or may not meet the Title II requirements for public entities. The regulations further require that defendant evaluate the extent to which modification of any such services, policies, and practices is required, and implement such modifications to ensure compliance with Title II of the ADA and its implementing regulations. 28 C.F.R. §35.105(a).

39. Upon information and belief, the Defendant violated Title II and its implementing regulations by failing to develop an adequate self-evaluation plan and failing to identify and implement modifications necessary to achieve compliance with Title II with respect to the Courthouse facilities, courtrooms, policies, and practices.

40. Upon information and belief, in violation of 28 C.F.R. §35.105(c), Defendant also failed to maintain on file and make the following items available for public inspection for at least three years following completion of the self-evaluation plan: a list of the interested persons consulted; a description of areas examined and any problems identified, and; a description of any modifications made.

41. Defendant's conduct constitutes an ongoing and continuous violation of the ADA, and said conduct, unless enjoined, will continue to inflict injuries for which the Plaintiff has no adequate remedy at law. Consequently, the Plaintiff is entitled to injunctive relief and damages as set forth in the prayer for relief herein.

WHEREFORE, Plaintiff prays that judgment enter in his favor and that the Court grant relief as requested herein below.

**COUNT IV – VIOLATION OF EQUAL PROTECTION & DUE PROCESS – 42 U.S.C. § 1983**

42. The plaintiff reincorporates and realleges paragraphs 1 through 41 of his complaint as though fully set forth herein.

43. Plaintiff is a citizen of the United States. Under color of state law, the Defendant in effectively denying Plaintiff accessible public and governmental facilities has adopted a policy of discrimination based solely upon the physical disabilities of the Plaintiff. The policy, conduct and practice of the Defendant has resulted in Plaintiff being denied due process and equal protection in violation of the equal protection and due process clauses of the United States Constitution.

44. Disabled persons are a discreet and insular minority, subject to a history of discrimination and segregation, vulnerable to and not fully protected by the political process, such that discrimination between disabled and non-disabled persons is a suspect classification. Disabled persons have a right to be included in the full panoply of public facilities available to members of the public in this building, including litigants, clerks, attorneys, judges and jurors. Any of these persons may be physically disabled persons, and require accessible facilities in order to participate on the same basis as non-disabled persons in the multiple activities that make up our judicial system.

45. Plaintiff has no adequate remedy at law, and unless the relief requested herein is granted, he and other disabled persons who have cause to use any of the subject facilities will suffer irreparable harm in that their fundamental rights to accessible sanitary facilities, and other areas and office facilities, often necessary in connection with attendance at public court proceedings, will continue to be denied and abridged.

WHEREFORE, Plaintiff prays that judgment enter in his favor and that the Court grant relief as requested herein below.

**COUNT V -- VIOLATION OF THE MASSACHUSETTS EQUAL RIGHTS LAW, M.G.L. c.93 §103 AND ARTICLE CXIV OF THE MASSACHUSETTS CONSTITUION**

46. The plaintiff reincorporates and realleges paragraphs 1 through 45 of his complaint as though fully set forth herein.

47. M.G.L. c.93, §103 provides that "[a]ny person within the commonwealth, regardless of handicap or age…shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, including, but not limited to, the rights secured under Article CXIV of the Amendments to the Constitution." Article CXIV of the Massachusetts Constitution provides that "[n]o otherwise qualified handicapped individual shall, solely by reason of his handicap, be excluded from the participation in, denied the benefits of, or be subject to discrimination under any program or activity within the commonwealth."

48. Through the acts and omissions described hereinabove, in denying the Plaintiff full and equal access to the Courthouse courtrooms, facilities, and services, the Defendant has violated the provisions of M.G.L. c. 93, §103, and denied the Plaintiff his rights secured under Article CXIV of the Massachusetts Constitution.

49. To prevent this continuing and ongoing violation of his rights, the Plaintiff seeks injunctive and other appropriate equitable relief, as described below, as well as compensatory and exemplary damages, litigation costs and reasonable attorneys' fees.

WHEREFORE, plaintiff prays that this judgment enter in his favor and that the Court grant relief as requested herein below.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing the Defendant as current owner and/or operator of the subject facilities to modify the above-described facilities at the Pittsfield Superior Courthouse and related facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained herein no longer occur, and will not recur;

3. Award to Plaintiff all appropriate damages, including but not limited to, statutory damages, general damages and special damages in an amount within the jurisdiction of the Court, according to proof;

4. Award to Plaintiff all litigation expenses and costs of this proceeding, and all reasonable attorneys' fees as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

The Plaintiff hereby demands a trial by jury on all issues so triable.

The Plaintiff, Michael Morin
By his attorneys,

**CLARK, HUNT & EMBRY**

________/s/_____________
William J. Hunt (244720)
Michael B. Newman (632222)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920