UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.05-30059-KPN

_____
)
MICHAEL MORIN,                          )
)
      Plaintiff,          )
)
v.                                      )
)
COMMONWEALTH OF                         )
MASSACHUSETTS and,                      )
JOHN DOE, Individually and in his       )
Official Capacity,                      )
)
      Defendants.        )
_____ )

**DEFENDANTS' OPPOSITION TO MOTION TO STRIKE**

The Attorney General, on behalf of the defendants, Commonwealth of Massachusetts (the "Commonwealth") and John Doe, submits this opposition to the plaintiff's, Michael Morin, motion to strike affidavits the defendants submitted in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**ARGUMENT**

The defendants submitted affidavits with their Memorandum in Support of the Motion to Dismiss ("Defendants' Memorandum"). The affidavits were submitted in connection with the argument under Fed. R. Civ. P. 12(b)(1) that the Court lacks subject matter jurisdiction over the due process claim alleged against Doe in Count IV. Morin filed a motion to strike the affidavits when he submitted his opposition to the defendants' motion to dismiss. See Michael Morin's Opposition to Defendants' Motion to Dismiss and Cross Motion to Strike ("Morin Opposition"),

1

pp. 13-16.  The Court should deny the motion to strike for all of the reasons discussed below.

Morin has lodged a two prong attack on the affidavits.  First, he makes the sweeping accusation that the "content of the affidavits . . . are completely irrelevant to any thoughtful determination of the jurisdictional issues in this case."  Morin Opposition, p. 14.  Second, Morin also broadly and vaguely objects to the affidavits on the grounds that they are "replete with hearsay."  Morin Opposition, p. 14.  Morin's arguments fails for several reasons.

First, Morin's broad, generalized attack on the affidavits is insufficient for this Court to strike them in their entirety, as Morin has requested.  Rather, Morin must specify the objectionable portions of the affidavits and the specific grounds for objection.  Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 682 (1st Cir. 1994).  The Court should disregard only those portions of an affidavit to which a party specifically and successfully objects and consider the rest of it.  Id.  Given this standard, this Court may only strike those portions of the affidavits to which Morin has specifically objected and demonstrated as inadmissable.  The remainder of the affidavits should be accepted by this Court.  As a consequence, even assuming that Morin's specific objections are meritorious (which they are not), this Court should accept the vast majority of the affidavits because Morin has lodged only a small number of specific objections to very narrow portions of the affidavits.

Second, the few specific objections that Morin has raised lack merit for all of the reasons discussed below:

*1.    Affidavit of Daniel A. Ford: Relevance objections to Ford Affidavit.*  Morin has objected on the grounds of relevance to only two specific portions of the Affidavit of Daniel A. Ford ("Ford Affidavit").  Morin claims that the "observations relating to the merits of Morin's discrimination case and the measure of his damages are completely irrelevant to the issues at

hand." Morin Opposition, p. 14 n. 2.  This objection is without merit because its factual predicate is false.  Nowhere in the Ford Affidavit are there any statements related to the merits in the Underlying Action or the measure of damages, *and* Morin has failed specifically to identify any such statements.  This relevance objection should therefore be rejected.  Indeed, the Ford affidavit, read in its entirety, relates to access issues, not the merits or measure of damages.

Morin also objects on relevancy grounds to paragraph 6 of the Ford Affidavit.  Morin Opposition, p. 15.  That paragraph relates to Mr. Massery's statement that he "wished to proceed with the trial as scheduled . . . [and that he and the plaintiff's family] would make arrangements for transporting Mr. Morin to the Superior Court courtroom and otherwise accessing the courthouse."  Ford Affidavit, ¶ 6.  Morin only objects to that portion of paragraph 6 relating to Morin's decision not to "request means to facilitate providing access to Morin during the trial."  Morion Opposition, p. 15.  He contends this statement has "no bearing on the jurisdictional issue at hand" and should be stricken.  Id.

Contrary to Morin's assertion, the challenged statements are relevant to the jurisdictional argument.  In the due process claim, Morin contends that defendant Doe denied him procedural due process in connection with the Underlying Action.  See Commonwealth's Memorandum, pp. 9-10.  In response, defendant Doe argued, based upon the Rooker-Feldman doctrine, that this Court lacked subject matter jurisdiction over this claim because it was essentially and substantially a collateral attack on the Underlying Action and it is inextricably intertwined with that action.  See id. at pp. 7-8.  Doe argued that the claim was necessarily, as a legal and factual matter, predicated upon the proceedings surrounding the trial in the Underlying Action.  See id. at 8-9.  Indeed, Morin made no specific allegations regarding courthouse access other than those lodged with regard to the trial in the Underlying Action.  See id. at 9-10.

Doe bolstered this jurisdictional argument with the Ford Affidavit. The challenged provision in the Ford Affidavit relating to Morin's decision to decline various means of access is relevant to the jurisdictional argument. That statement, read in the context of the entire affidavit, supports Doe's argument that all access issues pertained to the trial proceedings, to which Morin failed to object at anytime. Indeed, there is nothing in the record of the Underlying Action to indicate that the proceedings were anything other than entirely satisfactory to Morin. The affidavit thus supports Doe's argument that Morin's due process claim is nothing more than a post hoc collateral attack on the trial in the Underlying Action, which is barred by the Rooker-Feldman doctrine.

Given the above relevance, Doe's reliance upon the Ford Affidavit is proper. Morin, as "the party invoking the jurisdiction of a federal court[,] carries the burden of proving its existence." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). The Court "enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). The court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties. Id. at 363. The court may receive evidence, including affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. Id. The district court's findings of fact will be set aside only if clearly erroneous. Id. at 365.

Given the above relevance of the challenged statements, they should not be stricken.

*Hearsay objections to Ford Affidavit.* The only specific hearsay objection that Morin has lodged regarding the Ford Affidavit should also be rejected. Morin claims that the Ford Affidavit "contains hearsay in its description of the conversation between Ms. Capeless and Mr. Massery . . ." Id. at p. 14 n. 2. Morin's argument is without merit.

Hearsay is an oral or written assertion used to prove the truth of the matter asserted. Fed. R. Evid. 801. A statement is not hearsay if it is not used to prove the truth of the matter asserted, but rather, is used to prove an operative fact that gives rise to legal consequences. Bolen v. Paragon Plastics, Inc., 754 F. Supp. 221, 225 (D. Mass. 1990).

Here, the challenged statement is not introduced for the purpose of demonstrating the truth of what was discussed. Rather, it is introduced as evidence to demonstrate why the trial court provided the access that it did and Morin's satisfaction with such access (which supports Doe's argument that the due process claim is a collateral attack). See id. at 225 (statement was used to demonstrate the actions taken in reliance not the truth of the matter asserted in the statement); Morgan v. Massachusetts General Hospital, 901 F.2d 186, 190-91 (1st Cir. 1990)(affidavit of statements offered to show what information investigator received were not inadmissible as hearsay). Because the challenged statements are not being offered for their truth, they are not hearsay and thus should not be stricken.

  *2. Remaining Affidavits: Hearsay objections to remaining affidavits.* For his remaining specific objections, Morin generally lumps them together in a vague broad attack on the Affidavits of Ms. Capeless, Ms. Schilling, and Mr. Albrecht. Here, he claims that "[w]ith the exception of the Capeless-Massery conversation . . . the content of the affidavits of Ms. Capeless, Ms. Schilling, and Mr. Albrecht, variously commenting on their 'understanding' of what Morin did nor requested, or on the state of the ADA compliance at the courthouse, is entirely hearsay." Morin Opposition, p. 14 n. 2. Morin's assertion is without merit for the reasons discussed above with regard to the Ford Affidavit (the statements are not offered for their truth). Further, Capeless's statements regarding what Massery said on behalf of Morin are statements of a party opponent. Therefore, they do not constitute hearsay. See Fed. R. Evid.

801(d)(2). In addition, the statements may be admitted as an exception to the hearsay rule under Fed. R. Evid. 804(b)(3) because they are statements against interest that were made by a declarant who is unavailable (Massery).

*Relevance objections to remaining affidavits.* Morin also makes a vague relevance objection to these affidavits. He merely contends that the "Capeless-Massery conversation" is "irrelevant to the jurisdictional issue." Id. That assertion is without merit for the reasons discussed above with regard to the relevance of statements in the Ford Affidavit.

Morin also repeats the same objection that he raised with respect to a portion of paragraph 6 of the Ford Affidavit relating to Morin's decision not to "request means to facilitate providing access to Morin during the trial." Morin Opposition, p. 15. He contends this statement has "no bearing on the jurisdictional issue at hand" and should be stricken. Id. This objection is raised with respect to paragraph 5 of the Capeless Affidavit and paragraph 3 of the Schilling Affidavit. See id. at p. 15. The objection is without merit for the reasons discussed above with regard to the Ford Affidavit.

Lastly, Morin specifically objects to portions of the Albrecht Affidavit on relevance grounds. Id. at p. 15. In particular, Morin objects to portions of the affidavit pertaining to the Commonwealth's past and present efforts to bring old courthouses into compliance with the ADA. He asserts that this is "irrelevant to the jurisdictional issue in this case and should be stricken." Morin Opposition, pp. 15-16. As with other testimony regarding access, this affidavit is relevant to showing that Morin's due process claim pertains to the trial in the Underlying Action, and not other courthouse access issues. Indeed, it rebuts the implicit conclusory assertion (without any supporting factual allegations) in Morin's request for equitable relief that the Commonwealth has wholly abdicated its responsibilities under the ADA. See

Second Amended Complaint, ¶ 31 (sanitary facilities, doorways, public telephones, parking); Defendants' Memorandum, pp. 10-11.  Indeed, nowhere does Morin allege that he was denied access to any such features of the courthouse or how any such features are deficient.  Perhaps that is because all such facilities are accessible.  <u>See</u> Defendants' Memorandum, pp. 10-11; Exhibit 3, Schilling Affidavit, ¶ 7.  The Albrecht affidavit thus further bolsters the argument that Morin is impermissibly challenging only the trial proceedings in the Underlying Action.

## CONCLUSION

For all of the above reasons, Morin's motion to strike should be denied.

**COMMONWEALTH AND JOHN DOE**

By Its Attorney,

**THOMAS F. REILLY
ATTORNEY GENERAL**

By: /s/ Timothy M. Jones
Timothy M. Jones
Assistant Attorney General
Western Massachusetts Division
1350 Main Street, 4th Floor
Springfield, MA 01103
(413)784-1240 ext. 105
(413)784-1244 - Fax
BBO#618656

## CERTIFICATE OF SERVICE

I, Timothy M. Jones, hereby certify this the 19TH day of September, 2005 that it is my understanding that plaintiff's counsel will be served with this pleading via the CM/ECF filing system.

By: /s/ Timothy M. Jones
Timothy M. Jones