UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

DOCKET NO. 05-30059-KPN

|  |  |
|---|---|
| MICHAEL MORIN<br>　　Plaintiff<br><br>v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS and JOHN DOE,<br>Individually and in his Official<br>Capacity,<br>　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INITIAL DISCLOSURE OF PLAINTIFF, MICHAEL MORIN,
PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Now comes the plaintiff, Michael Morin, and hereby makes his initial disclosure in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

1.　　Rule 26(a)(1)A – individuals likely to have discoverable information.

Michael Morin
40 Sheffield St.
Pittsfield, MA  01201

Mr. Morin is the plaintiff in this action and thus has discoverable information regarding his disability, the subject access problems, and the damages that he sustained in connection with this matter.

Robert Morin
40 Sheffield St.
Pittsfield, MA  01201

Robert Morin is the plaintiff's father and thus has information regarding his son's disability, the subject access problems, and the damages that he sustained in connection with this matter.

Helen Morin
40 Sheffield St.
Pittsfield, MA  01201

Helen Morin is the plaintiff's mother and thus has information regarding her son's disability, the subject access problems, and the damages that he sustained in connection with this matter.

Paula Jacoby
4 Loumas Dr.
Pittsfield, MA 01201

Ms. Jacoby is the plaintiff's sister and thus has some information regarding her brother's disability, the subject access problems, and the damages that he sustained in connection with this matter.

Christopher Jacoby
4 Loumas Dr.
Pittsfield, MA 01201

Mr. Jacoby is the plaintiff's brother-in-law and thus has some information regarding his brother-in-law's disability, the subject access problems, and the damages that he sustained in connection with this matter.

Laurie E. Knepper, M.D.
25 Franklin St.
Lenox, MA 01240

Dr. Knepper is Michael Morin's neurologist and thus has discoverable information concerning his disability and the damages that he sustained in connection with this matter.

Judge Daniel A. Ford
Associate Justice of the Superior Court
3 Pemberton Sq.
Boston, MA 02108

Judge Ford was the presiding judge in the plaintiff's tort action and thus may have discoverable information relating to the plaintiff's access problems, and the Commonwealth's efforts or lack of efforts, to provide accommodations or program access.

    Deborah S. Capeless
Clerk of Berkshire Superior Court
76 East St.
Pittsfield, MA 01201

Ms. Capeless was the clerk of court for the plaintiff's tort action and thus may have discoverable information relating to the plaintiff's access problems, and the Commonwealth's efforts or lack of efforts, to provide accommodations or program access.

    William D. Gillis, Esq.
Donovan Hatem
2 Seaport Lane
Boston, MA 02210

Attorney Gillis was one of the attorneys representing the plaintiff in his tort action, and thus may have discoverable information relating to the plaintiff's access problems, and the Commonwealth's efforts or lack of efforts, to provide accommodations or program access.

    Jennifer K. Rosen, Esq.
Last known address:  Gillis & Mazeri
101 Merrimac St.
Boston, MA 02114

Attorney Rosen was one of the attorneys representing the plaintiff in his tort action, and thus may have discoverable information relating to the plaintiff's access problems, and the Commonwealth's efforts or lack of efforts, to provide accommodations or program access.

    John Bagley, Esq.
Morrison Mahoney, LLP
1500 Main St.
Springfield, MA 01115

Attorney Bagley was counsel for the defendants in the plaintiff's tort action and thus may have discoverable information relating to the plaintiff's access problems, and the Commonwealth's efforts or lack of efforts, to provide accommodations or program access.

>Erika Barry, Esq.
>Last known address:  Morrison Mahoney, LLP
>1500 Main St.
>Springfield, MA  01115

Attorney Barry was counsel for the defendants in the plaintiff's tort action and thus may have discoverable information relating to the plaintiff's access problems, and the Commonwealth's efforts or lack of efforts, to provide accommodations or program access.

>Rick LaPlante
>241 South St., Apt. 1
>Pittsfield, MA  01201

Mr. LaPlante was Michael Morin's personal care attendant at the time of the tort trial and thus has information concerning Mr. Morin's disability, access problems, and damages sustained in connection with this matter.

>Sharon Rawlings, M.D.
>P.O. Box 1789
>Pittsfield, MA  01202-1789

Dr. Rawlings is a general practitioner who was treating Michael Morin at the time of the incident set forth in the plaintiff's complaint.  She thus may have discoverable information relating to the plaintiff's disability and the damages that he sustained in connection with this matter.

>Stephen Demos
>Adaptive Environments
>374 Congress St., Suite 301
>Boston, MA  02210

Mr. Demos is an architect and an expert on accessibility and ADA compliance issues.  He conducted a preliminary analysis of the Pittsfield Superior Court facilities and thus has discoverable information concerning his findings and the lack of accessibility at the courthouse.

>Berkshire Superior Court Dept.
>76 East St.
>Pittsfield, MA  01201
>One or more court officers

The plaintiff believes that court officers Sherman, Bradley, and Kearns were present when the plaintiff or members of his family inquired about access at the courthouse and were informed that the elevator was broken.  One or more of these officers was also present when the plaintiff was carried up the stairs to attend his trial.  As such, these officers, whose first names and addresses are not currently known, may have discoverable information about the alleged access problems and the plaintiff's damages.

> Pittsfield Fire Department
> 74 Columbus Ave.
> Pittsfield, MA  01201

Several members of the Pittsfield Fire Department were involved in efforts to carry the plaintiff up or down the stairs to attend his trial.  The plaintiff believes that firefighter Tim Conroy and Captain Ken Spaniol were present on at least one occasion.  These individuals, and other members of the fire department who were present, may have discoverable information concerning the alleged access problems and the damages sustained by Michael Morin in connection with this matter.

The plaintiff reserves the right to supplement this list of individuals and his disclosure.

2.   Rule 26(a)(1)B

The plaintiff hereby identifies the following categories of documents, located at the offices of plaintiff's counsel, which will also be provided to the defendant:

A.   Documents relating to the plaintiff's tort action, including pleadings and some transcripts from courtroom hearings.

B.   Medical records of Michael Morin concerning his disability, susceptibility to seizures, and treatment relating to seizures.

C.   Preliminary report prepared by architect Stephen Demos relating to access and ADA compliance of the Pittsfield Courthouse facilities.

By identifying such documents, the plaintiff does not waive any applicable privileges or other objections to the use or production of such documents. Discovery in this matter is ongoing, and the plaintiff further reserves the right to supplement this disclosure.

3. Rule 26(a)(1)C

The plaintiff suffered both physical and emotional damages and pain and suffering in connection with this matter, and has presented the defendant with a demand for these damages in the amount of $175,00.00.

4. Rule 26(a)(1)D

There are no related insurance agreements involved in this matter and thus this provision is not applicable.

The Plaintiff, Michael Morin<br>
By his attorneys,<br><br>
**CLARK, HUNT & EMBRY**<br><br>
*/s/ Michael B. Newman*<br>
_____<br>
William J. Hunt (244720)<br>
Michael B. Newman (632222)<br>
55 Cambridge Parkway<br>
Cambridge, MA 02142<br>
(617) 494-1920

6