UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.05-30059-KPN

|  |  |
|---|---|
| MICHAEL MORIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| COMMONWEALTH OF MASSACHUSETTS and, JOHN DOE, Individually and in his Official Capacity, | ) |
| Defendants. | ) |

## THE COMMONWEALTH'S ANSWER

The Attorney General, on behalf of the Commonwealth of Massachusetts (the "Commonwealth")[1], submits this answer to the second amended complaint.

## INTRODUCTION

1.   The Commonwealth admits that it owned and operated the subject courthouse. No response is required to the remainder of paragraph 1 because it calls for a legal conclusion and states legal conclusions and assertions.

2.   No response to paragraph 2 is required because it calls for a legal conclusion and states legal conclusions and assertions.

3.   No response to paragraph 3 is required because it calls for a legal conclusion and

---

[1] Defendant John Doe was effectively dismissed from this case when the Court partially allowed the defendants' motion to dismiss and dismissed all claims except Count I, Count II, and Count III.  Therefore, no answer will be filed on behalf of John Doe.

1

states legal conclusions and assertions.

## JURISDICTION

4. No response to paragraph 4 is required because it calls for a legal conclusion and states legal conclusions and assertions.

## PARTIES

5. The Commonwealth is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the plaintiff's residence and whether he requires the use of a motorized scooter or wheelchair to move about. No response to the remainder of paragraph 4 is required because it calls for a legal conclusion and states legal conclusions and assertions.

6. No response to paragraph 6 is required because it calls for a legal conclusion and states legal conclusions and assertions.

7. No response to paragraph 7 is required because John Doe was dismissed from the case.

## FACTS

8. The allegations that Mr. Morin suffered severe and permanent injuries calls for a legal conclusion and thus no response is required. The Commonwealth is without sufficient knowledge or information regarding the remaining allegations in paragraph 8.

9. The Commonwealth is without sufficient knowledge or information regarding the allegations in paragraph 9.

10. The Commonwealth admits the allegations in paragraph 10.

11. The Commonwealth admits the allegations in pargraph 11.

12. The Commonwealth admits that at some point before the time of the alleged trial

the elevator malfunctioned. The Commonwealth, however, is presently without sufficient knowledge or information regarding when precisely the elevator malfunctioned.

13. No response to paragraph 13 is required because it calls for a legal conclusion and states legal conclusions and assertions.

14. The Commonwealth is without sufficient knowledge or information regarding whether any courthouse official directly contacted the Morin family regarding the malfunctioning elevator. Courthouse officials did, however, contact Mr. Morin's attorney, Louis N. Massery, regarding the malfunctioning elevator, and Mr. Massery stated that he wished to proceed with the trial as scheduled. He also volunteered that Mr. Morin's attorneys and family would make arrangements for transporting Mr. Morin to the Superior Court courtroom and otherwise accessing the courthouse. Mr. Massery did not request any other means to facilitate providing access to Mr. Morin.

15. The Commonwealth admits that the judge and the clerk were aware that Mr. Morin used a wheelchair as a means of mobility. The allegation that Mr. Morin was unable to access the courtroom without the elevator calls for a legal conclusion and thus no response is required. Regarding the remaining allegations, the Commonwealth states: Courthouse officials did contact Mr. Morin's attorney, Louis N. Massery, regarding the malfunctioning elevator, and Mr. Massery stated that he wished to proceed with the trial as scheduled. He also volunteered that Mr. Morin's attorneys and family would make arrangements for transporting Mr. Morin to the Superior Court courtroom and otherwise accessing the courthouse. Mr. Massery did not request any other means to facilitate providing access to Mr. Morin.

16. The allegations that the Commonwealth failed to provide any reasonable accommodations, or the necessary program access, or that the employees were adequately

trained call for legal conclusion, and thus no response is required. Regarding the remaining allegations in paragraph 16, the Commonwealth states: Courthouse officials did contact Mr. Morin's attorney, Louis N. Massery, regarding the malfunctioning elevator, and Mr. Massery stated that he wished to proceed with the trial as scheduled. He also volunteered that Mr. Morin's attorneys and family would make arrangements for transporting Mr. Morin to the Superior Court courtroom and otherwise accessing the courthouse. Mr. Massery did not request any other means to facilitate providing access to Mr. Morin.

17. The Commonwealth denies the allegations in paragraph 17.

18. The Commonwealth admits that someone arranged for members of the Pittsfield Fire Department to carry Mr. Morin to the courtroom. The Commonwealth is without sufficient knowledge or information regarding the remaining allegations in paragraph 18.

19. The Commonwealth denies the allegations that Robert and Helen Morin were "forced" to carry Mr. Morin to the courtroom so that he could provide testimony at his own trial. The Commonwealth is without sufficient knowledge or information regarding the remaining allegations in paragraph 19.

20. The Commonwealth denies the allegations that Robert and Helen Morin were "forced" to carry Mr. Morin as alleged. The Commonwealth is without sufficient knowledge or information regarding the remaining allegations in paragraph 20.

21. The Commonwealth denies the allegations in paragraph 21.

22. The Commonwealth is without sufficient knowledge or information regarding the allegations in paragraph 22.

23. The Commonwealth admits that the jury trial culminated in a defense verdict.

The Commonwealth denies the remaining allegations in paragraph 23.

24. The Commonwealth denies the allegations in paragraph 24.

25. No response to paragraph 25 is required because John Doe was dismissed from the case.

## COUNT I

26. The Commonwealth incorporates herein its responses to all of the preceding paragraphs, 1-25.

27. No response to paragraph 27 is required because it calls for a legal conclusion and states legal conclusions and assertions.

28. The Commonwealth denies the allegations in paragraph 28.

29. The Commonwealth denies the allegations in paragraph 29.

30. The Commonwealth denies the allegations in paragraph 30.

31. The Court should deny the requested relief.

32. The Court should deny the requested relief.

The Court should deny the relief requested in the "wherefore" clause.

## COUNT II

33. The Commonwealth incorporates herein its responses to all of the preceding paragraphs, 1-32.

34. No response to paragraph 34 is required because it calls for a legal conclusion and states legal conclusions and assertions.

35. The Commonwealth denies the allegations in paragraph 35.

36. The Commonwealth denies the allegations in paragraph 36.

37. The Court should deny the requested relief.

38.     The Court should deny the requested relief.

The Court should deny the relief requested in the "wherefore" clause.

## COUNT III

39.     The Commonwealth incorporates herein its responses to all of the preceding paragraphs, 1-38.

40.     No response to paragraph 40 is required because it calls for a legal conclusion and states legal conclusions and assertions.  The Commonwealth also denies this claim because the alleged regulatory provisions do not provide a private cause of action.

41.     The Commonwealth denies the allegations in paragraph 41.

42.     The Commonwealth denies the allegations in paragraph 42.

43.     The Commonwealth denies the allegations in paragraph 43.

The Court should deny the relief requested in the "wherefore" clause.

## COUNT IV

44-47.  No response is required and the Court should deny the requested relief in this count, Count IV, because it has been dismissed.

## COUNT V

48-51.  No response is required and the Court should deny the requested relief in this count, Count V, because it has been dismissed.

The Court should deny the relief requested in the "prayer for relief."

Any allegations in the complaint to which the Commonwealth did not respond in this answer are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's claims are barred by doctrines of Rooker-Feldman, res judicata, collateral estoppel, issue preclusion, estoppel, laches, and waiver.

### Second Affirmative Defense

The Commonwealth made all appropriate efforts to provide reasonable accommodations under the circumstances of this case that would not pose an undue hardship, undue financial and administrative burdens, or fundamentally alter the nature of its services, programs, or activities; and, the Commonwealth's conduct was based on legitimate nondiscriminatory reasons.

### Third Affirmative Defense

The plaintiff was afforded an equally effective opportunity to participate in or benefit from the courthouse programs and services. The law does not require the Commonwealth to provide additional services for individuals with disabilities that are not provided for individuals without disabilities.

### Fourth Affirmative Defense

Temporary interruptions in access due to maintenance and repair of accessible features do not violate applicable disability laws.

### Fifth Affirmative Defense

If plaintiff incurred the damages alleged, such damages were caused by him and his parents and not mitigated.

### Sixth Affirmative Defense

The alleged actions of the defendant were neither the proximate nor actual cause of any damages incurred by the plaintiff.

The Commonwealth intends to rely upon other defenses that may become available or apparent during discovery and reserves the right to amend this answer to assert such defenses.

**COMMONWEALTH OF MASSACHUSETTS**
By Its Attorney,
**THOMAS F. REILLY**
**ATTORNEY GENERAL**

/s/ Timothy M. Jones
Timothy M. Jones
Assistant Attorney General
Western Massachusetts Division
1350 Main Street, 4th Floor
Springfield, MA 01103
(413)784-1240 ext. 105
(413)784-1244 - Fax
BBO#618656

CERTIFICATE OF SERVICE

I, Timothy M. Jones, hereby certify this the 23rd day of February, 2006 that it is my understanding that all counsel of record will be notified and served electronically with the foregoing Answer.

By: /s/ Timothy M. Jones
    Timothy M. Jones